# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALBERT THOMAS, | : | PRISONER CIVIL RIGHTS |
| GDC # 379155, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-1321-TWT-GGB |
| | : | |
| NATHAN DEAL, Governor, et al., | : | |
|     Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff has submitted the instant civil action without submitting the $350.00 filing fee, and I find that he is not entitled to proceed *in forma pauperis*. According to Subsection (g) of 28 U.S.C. § 1915, a prisoner is prohibited from bringing a civil action in federal court *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Court records reflect that Plaintiff has filed at least six actions in this Court and in the Eleventh Circuit Court of Appeals while a prisoner that were dismissed as frivolous or for failure to state a claim. *See Thomas v. Brown & Williamson, et al.*,

Civil Action No. 1:01-10874-B (11th Cir.); *Thomas v. Evans*, No. 99-14336-D (11th Cir.); *Thomas v. Baker,* No. 1:98-9326-G (11th Cir.); *Thomas v. Brown & Williamson, et al.*, No. 1:00-CV-00119-JOF (N.D. Ga.); *Thomas v. State of Georgia, et al.*, No. 1:95-CV-00084-JOF (N.D. Ga.); *Thomas, et al. v. O'Kelly, et al.,* No. 1:89-CV-1057-JOF (N.D. Ga.).

Furthermore, Plaintiff's allegations in his complaint regarding his past medical treatment and conditions of confinement do not show that he is "under imminent danger of serious physical injury." *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999) (holding prisoner's allegation that he faced imminent danger sometime in the past was an insufficient basis to allow him to proceed *in forma pauperis* under the imminent danger exception).

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner . . . must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). *See also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing *Dupree* and affirming the denial of an *in forma pauperis* motion and the dismissal of the complaint under § 1915(g), where

2

there was no evidence that the plaintiff paid the filing fee at the time he initiated the suit or that he was in imminent danger of serious physical injury).

Based on the foregoing, **I RECOMMEND** that leave for Plaintiff to proceed *in forma pauperis* be **DENIED** and that the instant action be **DISMISSED WITHOUT PREJUDICE**.

**I FURTHER RECOMMEND** that Plaintiff's motion for appointment of counsel [Doc. 3] be **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED** this ___30th___ day of __April__, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

3